## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-KP-00632-SCT

*EDDIE LEE TAYLOR, JR. A/K/A EDDIE TAYLOR A/K/A EDDIE L. TAYLOR, JR. A/K/A TROY WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5-7-93 |
| TRIAL JUDGE: | HON. MELVIN KEITH STARRETT |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE TAYLOR |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/3/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/24/96 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

¶1. Eddie Lee Taylor (Taylor) filed in the Circuit Court of Walthall County a "Petition for Post Conviction Collateral Relief Act [sic]", in which he sought to have the court set aside his February 7, 1992, guilty pleas to the crimes of capital murder, conspiracy to commit capital murder and burglary, as well as the subsequent sentences imposed for the commission of said crimes. The sentences were life for the capital murder, plus twenty years for conspiracy to commit capital murder and five years for the burglary. The court, Honorable Keith Starrett, presiding, denied said petition on May 7, 1993, without an evidentiary hearing. The order was filed on May 11, 1993. Taylor, aggrieved by that ruling, filed his notice of appeal and application for leave to proceed on appeal in forma pauperis on June 1, 1993. Judge Starrett granted Taylor's request to appeal in forma pauperis on July 9, 1993, and the appeal was filed on July 12, 1993.

¶2. It is on this appeal that Taylor raises the following issues for this Court:

> **I. WERE MR. TAYLOR'S PLEAS OF GUILTY INVOLUNTARY, AND UNINTELLIGENTLY ENTERED.**

**II. WAS MR. TAYLOR DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**III. DID THE TRIAL COURT ERROR [SIC] IN NOT GRANTING MR. TAYLOR AN EVIDENTIARY HEARING.**

**IV. DID THE TRIAL COURT ERROR [SIC] IN DENYING MR. TAYLOR HIS RECORDS AND TRANSCRIPTS OF THIS PROCEEDING.**

¶**3.** By filing this appeal to set aside the guilty pleas, Taylor subjects himself to a decision by this Court that may require a new trial on the original charges of capital murder, conspiracy to commit capital murder and burglary. Instead of facing a sentence of life plus twenty years to run consecutively and five years to run concurrently, Taylor could be given a death sentence by a jury. *Myers v. State*, 583 So. 2d 171, 178 (Miss. 1991). Taylor, claiming that his pleas were involuntary and unintelligently entered, states to this Court that he lied to the circuit judge and thereby committed perjury, for which a separate prosecution may lie. *Id.*

*FACTS*

¶**4.** On January 6, 1992, Eddie Lee Taylor was indicted by the Grand Jury of Walthall County for one count of murder of John Duncan, on August 11, 1991, while he, Taylor, was engaged in the commission of the crime of robbery of Duncan. The second count of the indictment contained the charge of conspiracy to commit capital murder. The conspiracy was to have taken place between Taylor and James Gatlin on or before August 11, 1991.

¶5. Taylor was arrested in New Orleans and extradited to Walthall County on January 9, 1992, where he was charged with the above stated crimes. He appeared before Judge Starrett on February 7, 1992, and entered his plea of guilty to the crimes of capital murder, conspiracy to commit capital murder, and burglary. Taylor received sentences of life plus twenty years and five years, respectively, in the custody of the Mississippi Department of Corrections. The twenty year sentence was for conspiracy to commit capital murder and was to run consecutively with the life sentence. The five year sentence was for burglary and was to run concurrently with the life sentence. Taylor submitted to the lower court his petition for post-conviction relief, where he alleged that his pleas were involuntarily and unintelligently given, and he had received ineffective assistance of counsel. Judge Starrett denied the petition without an evidentiary hearing on May 7, 1993. Both the petition and the order denying said petition were filed on May 11, 1993.

*DISCUSSION OF THE ISSUES*

**I. WERE MR. TAYLOR'S PLEAS OF GUILTY INVOLUNTARY, AND UNINTELLIGENTLY ENTERED.**

¶**6.** Taylor comes before this Court asserting that his pleas were involuntary and unintelligently made as a result of his counsel failing to inform him adequately as to his rights and the charges against him. He claims that because he does not have a high school diploma or a G.E.D. he did not understand the charges, nor did he understand the trial process. In fact, he goes on to say that had he understood the charges and the trial processes, he would have not entered a plea of guilty. He would have insisted on

going to trial.

¶7. Here on appeal, Taylor, wishes to present new issues not raised below. Specifically, he contends, without any showing or proof, that he "was placed in fear for his life..." Further, he proposes that the conspiracy took place in Louisiana, not Mississippi, and since the charges against the co-conspirators were dropped, he could not be guilty of conspiracy. This Court, in *Gardner v. State*, 531 So. 2d 805 (Miss. 1988), met the appellant's attempt to plow new ground on appeal on a post-conviction motion with the following response:

> The issue regarding the constitutionality *vel non* of § 97-1-1, Miss. Code Ann (1972), was not raised in Gardner's motion for post-conviction relief and may not be raised now.

*Id.* Again, Taylor does not explain who placed him in fear of his life, nor does he show any signs of this supposed fear in his guilty pleas. The transcript of the guilty plea hearing is quite clear as to Taylor's belief as to the endangerment of his life. The court asked, "And has anyone threatened, abused, or mistreated you in any way?" Taylor responded, "No, sir."

¶8. The charge of conspiracy against Taylor was answered by his pleading guilty. The question of his actual guilt will not be litigated on appeal. This Court in *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989), held that," [a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove every element of the offense beyond a reasonable doubt." Taylor admitted his guilt after having the charge explained to him by the court.

¶9. Taylor claims that the lower court lacked jurisdiction over the conspiracy because the agreement allegedly took place in Louisiana, not in Walthall County, Mississippi. There was some conversation between Mr. Lampton, District Attorney, and Judge Starrett that the agreement took place on the way to Mississippi. Even if the agreement was made in Louisiana on the way to Mississippi, the conspiracy continued up until the commission of the crime in Walthall county. This Court in *Norman v. State*, 381 So. 2d 1024, 1029 (Miss. 1980), stated that

> [o]nce a defendant is established as being a conspirator, he remains a part of the conspiracy until he has extricated himself therefrom by making full disclosure to the law enforcement authorities of his involvement and cessation of activity therein, or by communicating his abandonment thereof in a manner reasonably expected to reach his co-conspirators. The burden establishing his withdrawal rests upon the defendant. *Hyde v. U.S.*, 225 U.S. 347, 369, 32 S. Ct. 793, 803, 56 L. Ed. 1114, 1127 (1912); *U.S. v. Borelli*, 336 F.2d 376, 388 (2d Cir. 1964).

¶10. Thus, the crime of conspiracy was committed in whole or in part in Walthall County, Mississippi. However, the record clearly shows by Taylor's own testimony that he and James Gatlin agreed on the porch of the murder victim's home in Walthall County to rob him. Notwithstanding the preclusion from raising a new issue on appeal, the argument that the lower court lacked jurisdiction is without merit.

¶11. This Court in *Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991), held that "a guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights." A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of

the charge and its relation to him, the effect of the plea, and the possible sentence. *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990). Further, a complete record should be made of the plea proceeding to ensure that the defendant's plea was entered voluntarily. *Boykin v. Alabama*, 395 U.S. 238 (1969).

¶12. The record of the guilty plea proceeding is replete with explanations by the trial judge of the charges and the consequences of those charges to Taylor. All of this was done prior to accepting any guilty pleas by Taylor. This Court holds that Taylor's argument that his pleas were involuntary and unintelligently entered is without merit.

## II. WAS MR. TAYLOR DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

¶**13.** The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard was adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995).

¶14. The burden is on the defendant to prove both prongs. *Id.*; *citing Edwards v. State*, 615 So. 2d 590, 596 (Miss. 1993). The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." *Cole*, 666 So. 2d at 775; *citing Frierson v. State*, 606 So. 2d 604, 608 (Miss. 1992). This Court in *Cole* stated that the level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the "over-all" performance. *Cole*, 666 So. 2d at 775; *citing Nicolau v. State*, 612 So. 2d 1080, 1086 (Miss. 1992). There is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. *Cole*, *supra;* (citations omitted).

¶15. According to the second prong, which is the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Cole*, 666 So. 2d at 775. Taylor has not shown this Court anything in the record that would suggest his counsel's over-all performance was deficient or prejudicial. Taylor pleaded guilty in order to avoid a trial by jury that would have subjected him to a possible sentence of death. The only thing that might have been different if the case had gone to trial is the sentence that Taylor received. In short, Taylor has failed to supply this Court with an adequate record showing with specificity and detail any evidence which might rebut the strong presumption in favor of counsel's performance being both adequate and reasonable. Therefore, we hold that Taylor was not denied effective assistance of counsel.

## III. DID THE TRIAL COURT ERROR [SIC] IN NOT GRANTING MR. TAYLOR AN EVIDENTIARY HEARING

¶16. Taylor brings before this Court his grievance with the lower court for summarily dismissing, without an evidentiary hearing, his motion for post conviction relief to vacate the plea of guilty and the subsequent sentences imposed. In *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991), the Court stated:

> In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statement to the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.

Taylor's claims in the affidavit filed with his appeal are totally contrary to his sworn testimony given before the trial court at the time he entered his guilty plea. This blatant contradiction with the record below renders the current documentation a "sham". *King v. State*, No. 07-KA-59203-SCT, 1996 WL 460021, at * 3 (Miss. Aug. 15, 1996).

¶17. In *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994), this Court stated:

> In contrast, Smith's current contentions and credibility are certainly suspect. When we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a "sham," thus allowing the summary dismissal of the petition to stand. *See Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991). At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury. *See Sanders v. State*, 440 So. 2d 278, 289 (Miss. 1983) (Roy Noble Lee, J., specially concurring).

*Id.* There is a great deal of emphasis placed on testimony by a defendant in front of the judge when entering a plea of guilty. *King*, *supra* at 4. In *King*, this Court cited *Mowdy v. State*, 638 So. 2d 738, 743 (Miss. 1994), where the Court had previously held:

> There should be a strong presumption of validity of anyone's statement under oath. However, we are now faced with one statement or the other not being the truth... "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." If ever there was a sham, it is clearly within these allegations through which Mowdy and Scrivner attempt to get this Court to order an evidentiary hearing to set aside validly imposed sentences based upon what they both now claim were involuntary pleas.

¶18. The trial judge must explain to the defendant the charges against him, the possible sentences for those charges, and the consequences of entering a plea of guilty. In order to ensure that guilty pleas are knowingly, intelligently, and voluntarily made, the trial judge should make such an explanation prior to accepting any such plea from a defendant. The record clearly shows that Judge Starrett explained in full detail the charges to Taylor, the possible sentences for those charges and the consequences of entering a plea of guilty to those charges.

¶19. As the procedure by Judge Starrett was a good one and because of the importance of such an explanation, excerpts are included in this opinion.

> BY THE COURT: ...and in this Indictment, you're indicted with the offense of capital murder as Count 1 and conspiracy to commit capital murder as Count 2.

> Capital murder is willfully, unlawfully, feloniously, and with malice aforethoughtkilling another human being by deliberate design while committing another offense. In this case, it is alleged to be that of robbery. And it's alleged to have resulted in the death of John Duncan on or about the

11th day of August, 1991.

Do you understand the nature of that charge?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Do you have any question that you want to ask about it?

BY THE DEFENDANT: No, sir.

* * *

BY THE COURT: Do you understand the nature of the charge, that of capital murder? Do you have any question you want to ask about it?

BY THE DEFENDANT: No, sir.

BY THE COURT: That is, the murder of a human being while committing another felony, in this case alleged to be a robbery. To that charge how do you want to plead?

BY THE DEFENDANT: Guilty.

BY THE COURT: And in Count 2 of the Indictment, you are charged with conspiracy. That is when two or more people conspire and agree to do, in this case, an unlawful act of capital murder. That would be conspiracy. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And to that charge, how do you want to plead?

BY THE DEFENDANT: Guilty.

BY THE COURT: Before the Court can accept your plea of guilty, I want to make sure that you understand the nature of the charge and that you understand the possible penalty involved and that you understand your rights. Conspiracy to murder is an offense that's punishable by a sentence of up to 20 years, and the capital murder itself is punishable by a sentence of death by lethal injection or life in the penitentiary, to be fixed by a jury. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: The jury first would determine the guilt or innocence of the defendant, and then if the jury found the defendant guilty of capital murder, there would be another hearing, at which each the plaintiff -- I mean the State and the defense would be given an opportunity to present evidence to show any matter in aggravation or mitigation of the offense so the jury could determine whether the sentence should be death by lethal injection or life in the penitentiary. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And all persons charged with any criminal offense are entitled to certain Constitutional and statutory rights, including, of course, the right to have an attorney at all stages of the proceeding. And you've had a good attorney, haven't you?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Have you told him the truth concerning all of these matters?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And has he advised you with reference to the law involved and the procedure that would be followed in a trial of your case?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Do you understand that you have a right to a trial by jury?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: That you have a right to challenge the composition of the Grand Jury that indicted you and the Petit Jury that would try your case?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: If there's any part of this you don't understand, please ask me about it. All right?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: You have a right to not testify yourself and not take the stand and testify. You have a right to not give any evidence against yourself, and no one would cause you to do so, but if you wanted to testify at your trial, you have a right to do that. But the decision as to whether you testified or did not testify in your trial would be entirely up to you, the defendant. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: The defendant is presumed not guilty, and the defendant does not have to prove anything. The burden of proof in all criminal cases is upon the State to prove by credible evidence beyond a reasonable doubt that the defendant is guilty. And all twelve jurors would have to unanimously agree that they believed from the evidence beyond a reasonable doubt that the defendant was guilty before the jury would be justified or authorized to return a verdict of guilty. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And in the event you were found guilty of capital murder, then the jury would have to then decide as to the punishment by unanimous verdict. Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Even if you were found guilty by the jury, you have a right to an appeal to the Supreme Court of Mississippi. Do you understand that you have these rights?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And that by entering a plea of guilty, you are -- in effect, you would be giving up or waiving these rights and telling the Court that you do not desire to have a jury trial, that you are guilty of the charge, and that you're placing yourself in a position that you can then be sentenced by the Court as provided by law? Do you understand?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Anything about this, now, Mr. Taylor, that you do not understand? Or if you have any question about it, ask me, please.

BY THE DEFENDANT: I don't have nothing to ask.

* * *

BY THE COURT: And has anyone threatened, abused, or mistreated you in any way?

BY THE DEFENDANT: No, sir.

BY THE COURT: Has anyone promised you anything to cause you to wish to plead guilty?

BY THE DEFENDANT: No, sir.

BY THE COURT: Do you understand and realize that no one wants you to plead guilty unless you are guilty in truth and in fact?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Very well. Realizing now the nature of the charge, the possible penalty involved, and realizing your rights in the matter, how do you wish to plead to Count 1 of the Indictment, that of capital murder?

BY THE DEFENDANT: Guilty.

BY THE COURT: And how do you wish to plead to Count 2 of the Indictment, that of conspiracy to commit capital murder?

BY THE DEFENDANT: Guilty.

* * *

¶20. The court below then went on to explain the charge of burglary in the same manner as above, and the defendant entered a plea of guilty to that charge as well. The court went on the record to state its summation of the facts and accepted Taylor's pleas of guilty.

BY THE COURT: The Court hereby adjudicates, finds, and determines that this defendant is obviously competent, that he has had his rights adequately explained to him, and I feel he's made a knowing, informed waiver of his right to a trial by jury and has voluntarily entered a plea of guilty to Count 1, capital murder; Count 2, conspiracy to commit capital murder in Cause Number 1951, and in Cause Number 1949, he has entered a plea of guilty to the charge of burglary of a building, store building. And I accept your pleas of guilty.

¶21. Judge Starrett made his findings of fact based on the conversation he had with Taylor explaining the guilty plea proceeding and the rights that the defendant would be waiving if he did in fact plead guilty. Therefore, the holding in *Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991), controls where this Court stated:

[w]e adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.*; (citations omitted). The record is clear as to the facts presented to the trial court before the guilty pleas were accepted as knowing and intelligently made. There is nothing in the record that is consistent with Taylor's claims in his later affidavit. This Court finds the latter document to be nothing more than a "sham" when viewing the record as a whole. Thus, Taylor was rightfully denied an evidentiary hearing on his claim for post-conviction relief.

### IV. DID THE TRIAL COURT ERROR [SIC] IN DENYING MR. TAYLOR HIS RECORDS AND TRANSCRIPTS OF THIS PROCEEDING?

¶**22.** Taylor contends that the lower court committed error in refusing to grant his request for a transcript of the hearing at which he pleaded guilty. The State filed a motion with this Court to supplement the appellate record with the transcript of the plea proceedings of the lower court. On April 13, 1994, that matter was remanded to the lower court to determine whether it had relied on the transcript when denying post-conviction relief. Pursuant to that order, if the lower court relied on the transcript, the transcript should be made part of the appellate record. Upon remand, the lower court did amend the record to include the transcript. On July 12, 1994, the motion by the State for supplementation of the appellate record was dismissed as the requested relief had been granted by the lower court amending the record to include the transcript.

¶23. Upon examining the transcript, the Court holds that Taylor could not have been prejudiced in his defense on appeal. The contentions that he makes in his latter affidavit are wholly inconsistent with the transcript of the proceedings in which he entered guilty pleas to capital murder, conspiracy to commit capital murder, and burglary. Because Taylor cannot show this Court that he has been prejudiced by not having had prior access to the transcript, his claim must therefore fail. *Ruffin v. State*, 481 So. 2d 312, 315 (Miss. 1985); *Cf. Britt v. North Carolina*, 404 U.S. 226 (1971).

### *CONCLUSION*

¶**24.** This Court holds that Taylor's claims on appeal are without merit. His pleas of guilty were not involuntary or unintelligently made when viewed with the conversation the trial judge had with him.

Taylor was not denied effective assistance of counsel. His counsel's actions were reasonable under the circumstances, and Taylor has failed to the meet the two prongs of the *Strickland* test. The trial court did not commit reversible error by denying Taylor an evidentiary hearing on his motion for post-conviction relief. There were no material factual issues in the transcript at the time he entered his guilty pleas. Lastly, Taylor was not prejudiced in any way by the tardiness of the transcript being made part of the record. Therefore, we hold that the denial of Taylor's post-conviction relief was justified and should be affirmed.

**¶25. LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**