# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00485-SCT

*DOROTHY ANN BIRKLEY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/94 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STEWART |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Dorothy Ann Birkley appeals from a final judgment entered November 10, 1994, denying relief sought in a post-conviction relief motion in the Circuit Court of Washington County. Birkley's original and supplemental briefs consist of various sections of factual allegations. However, the claims made by Birkley can be categorized into two assignments of error: (1) that she was denied effective assistance of counsel and (2) that the circuit court below failed to advise her of the maximum and minimum sentences for manslaughter. Finding no merit in either of Birkley's arguments, we affirm the denial of post-conviction relief.

## I.

Dorothy Birkley allegedly started a fire and burned down a house in Greenville, Mississippi, killing both David Savage and Joseph Savage, who were inside the house at the time. Birkley was indicted on October 30, 1992, on two counts of capital murder and one count of arson. The charge of arson

was subsequently dropped and the capital murder charges reduced to manslaughter, to which Birkley pled guilty under Miss. Code Ann. § 97-3-19 on July 29, 1993. Birkley filed a motion for post-conviction relief on October 6, 1994. The circuit court denied the motion on November 10, 1994. The circuit court then granted Birkley's motion to file an out of time appeal on April 7, 1995. Birkley filed her notice of appeal on May 5, 1995, which is properly before this Court.

## II.

Birkley first alleges that she was denied effective assistance of counsel due to her counsel allowing her to take a plea of guilty despite the State's lack of evidence. The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 688 (1984). The *Strickland* standard was first adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996); *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995).

The defendant has the burden of proving both prongs. *Id.* The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." *Cole*, 666 So. 2d at 775. The level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the overall performance. *Taylor*, 682 So. 2d at 363. There is a strong, yet rebuttable, presumption that the actions by the defense counsel are reasonable and strategic. *Id.* Under the second prong of *Strickland*, the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Birkley contends that "[t]here was no doubt that counsel's performance was deficient and that this deficient performance prejudiced the Petitioner because instead of serving Two (2), fifteen year sentences for Manslaughter she may be a free woman if the lawyer had decided to fight the case." Birkley alleges that she received ineffective assistance of counsel in light of the factual allegations made in her original and supplemental briefs, but she does not substantiate her allegations. The record before this Court does not indicate anything to support Birkley's statements that no evidence was ever found or recorded, that the cause of the victims' death was never established, or that there was nothing to show that she started the fire. Birkley's allegations regarding her attorney's performance include that he should have known that the case was based on hearsay; that he and the District Attorney coerced her; that he threatened her to make a plea for lesser charges despite an outstanding motion to suppress; and that he refused to go to trial. Nevertheless, she only offers her statements as proof of her contentions. The facts Birkley alleged in her motion and the brief submitted in support thereof were not supported by any affidavits other than her own. Therefore, Birkley's complaint concerning her lawyer's effectiveness must fail. *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990).

Birkley has not proved that her lawyer acted outside the range of reasonable professional assistance, nor has she proved that the outcome of her proceedings would have been different had her lawyer not performed deficiently. She only alleges that "she may be a free woman if the lawyer had decided to fight the case." Citing "actions and inactions" of trial counsel without explaining or justifying contentions that they should be characterized as deficient and prejudicial is not sufficient to prove

that ineffective assistance of counsel was received. ***Earley v. State***, 595 So. 2d 430, 433-34 (Miss. 1995). We conclude that Birkley has not satisfied the requirements of ***Strickland***.

## III.

Birkley also alleges that at the guilty plea proceeding, the court did inform her of the maximum sentence she could receive for two counts of murder, but the court did not advise her of the maximum or minimum sentences she could receive for manslaughter.

Birkley asserts that the court did not advise her of the maximum and minimum penalties for manslaughter. The following dialogue took place at Birkley's plea proceeding:

> MR. PITTMAN: Your honor, this is Cause No. 22755, <u>State of Mississippi vs. Dorothy Berkley</u>. Your Honor, in this cause, Dorothy Berkley [sic] is charged with two counts of capital murder. It is the State's understanding at this time that she wishes to withdraw previously entered plea of not guilty to these two charges and wishes to enter pleas of guilty to the reduced charge of manslaughter in Count 1 and Count 2; If this be the case and if the Court accepts her plea, the State would recommend that the defendant, Dorothy Berkley, be sentenced to a term of 15 years on each count; Count 1 and Count 2, these sentences to run consecutive to each other.
>
> * * *
>
> EXAMINATION BY THE COURT:
>
> BY THE COURT: Mrs. Berkley, you heard the announcement by the district attorney. Have you discussed this plea with your lawyers?
>
> BERKLEY: Yes, sir.
>
> COURT: How old are you?
>
> BERKLEY: Thirty-two.
>
> COURT: How far did you go in school?
>
> BERKLEY: Eighth.
>
> COURT: Can you read and write?
>
> BERKLEY: Yes, sir.
>
> COURT: Have you taken any drugs or alcohol within the past three days?
>
> BERKLEY: No, sir.
>
> COURT: Is your mind clear?
>
> BERKLEY: Yes, sir.

> COURT: Do you understand that the Court is not obligated to accept this recommendation from the district attorney but may order you to serve a sentence of up to twenty years on each count, for a total of 40 years?
>
> BERKLEY: Yes, sir.
>
> COURT: Do you understand what consecutive means according to this recommendation? Fifteen and fifteen make thirty. You understand that?
>
> BERKLEY: Yes, sir. Is there any chance they could be running concurrent?
>
> COURT : Now according to the recommendation and not likely am I to run them together, no. Well, he described the case earlier which is a house fire. Two people died. And, they have got a statement from you. That's case. How do you plead to Count 2 of the indictment, the reduced charge of manslaughter of David Savage?
>
> BERKLEY: Guilty.
>
> COURT: How do you plead to Count II, reduced charge of manslaughter of Joe Savage?
>
> BERKLEY: Guilty.
>
> COURT: Mrs. Berkley, I am going to order you to serve sentences of fifteen years on each count; sentences to run consecutively for a total of thirty years; further be ordered to pay all Court costs in this case and the Count I of this indictment charging arson will be dismissed.

Under Rule 3.03(3)(B) of the Uniform Criminal Rules of Circuit Court Practice, in effect at the time of Birkley's plea, when a defendant pleads guilty, it is the duty of the trial court "to inquire and determine ... that the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law." Concerning the "minimum penalties provided by law," the judge must advise the defendant of the minimum number of years of imprisonment specified by the statute under which he is being sentenced, if any such minimum number is provided. ***Bevill v. State***, 669 So. 2d 14, 18 (Miss. 1996). However, where no minimum number of years of imprisonment is specified by the statute, the judge is not required to advise the defendant that the minimum penalty he faces is "zero." ***Id.*** at 18-19.

We previously have held that a trial court's failure to advise the defendant of the minimum sentence faced may render the defendant's guilty plea involuntary as a matter of law. *E.g.,* ***Vittitoe v. State***, 556 So.2d 1062, 1065 (Miss.1990). *See also* ***Ashby v. State***, 95-KP-592-SCT (Miss. June 5, 1997) (finding that defendant entered his plea knowingly and voluntarily when, despite eleventh grade education, affidavit from attorney, prior connection with defendant, and defendant's demeanor allowed trial judge to determine that defendant was aware of legal proceedings). Where there is no evidence in the record that the defendant was advised of the minimum sentence, this Court has reversed the denial of post-conviction relief motion, and remanded for an evidentiary hearing and findings on the voluntariness of the defendant's plea. *See* ***Washington v. State***, 620 So.2d 966 (Miss.1993) (remand for evidentiary hearing on voluntariness of plea where trial court had failed to advise defendant of mandatory minimum sentence).

We also have held that the trial court's failure to comply with Rule 3.03 can be found harmless error, at least to the extent that the noncompliance pertains to the trial court's informing the defendant of the maximum and minimum sentences, if the defendant was correctly informed by another source or if it appears beyond a reasonable doubt that the plea would have been entered anyway. *State v. Pittman*, 671 So. 2d 62, 65 (Miss. 1996); *Gibson v. State*, 641 So.2d 1163, 1166 (Miss.1994) (citing *Smith v. State*, 636 So.2d 1220 (Miss.1994)); *Sykes v. State*, 624 So.2d 500 (Miss.1993); *Gaskin v. State*, 618 So.2d 103, 108 (Miss.1993).

> Automatic invalidation of a guilty plea is not the rule in Mississippi. *Smith v. State*, 636 So.2d 1220, 1226 (Miss.1994) (plurality opinion), citing *Gaskin v. State*, 618 So.2d 103, 108 (Miss.1993); *Sykes v. State*, 624 So.2d 500 (Miss.1993). The *Sykes* Court applied the harmless error analysis by holding that where it can be said "beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such failure is not fatal to the sentence." *Sykes* at 503.

*Simpson v. State*, 678 So.2d 712, 715 (Miss. 1996).

Based on the dialogue between Birkley and the judge at her plea hearing, we find that while the judge did advise Birkley of the maximum sentence under Miss. Code Ann. § 97-3-25, the penalty for manslaughter, the judge did not advise Birkley of the statutory two-year minimum. Nonetheless, we further find that the harmless error analysis of *Sykes* and *Simpson* is applicable here. Birkley never claimed that she would have refused to plead had she known the statutory minimum. Further, Birkley was aware that the charges being made against her were manslaughter charges that had been reduced from murder. The failure to advise the accused of the minimum sentence had no role in Birkley's decision to plead guilty. Therefore, Birkley's second assignment of error is without merit.

### IV.

Based on the foregoing discussion, we are unpersuaded by either of Dorothy Birkley's assignments of error. We therefore affirm the circuit court's denial of post-conviction collateral relief.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. PITTMAN, J., NOT PARTICIPATING.**