## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00562-SCT

*ALBERT LEWIS WATTS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/11/95 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

This appeal challenges a lower court's denial of the appellant's request for post-conviction relief, assigning as error ineffective assistance of counsel, involuntary and unintelligent guilty pleas, and the denial of the Sixth Amendment right to counsel. We find that most of the claims asserted by the appellant are procedurally barred, and those claims that are properly before this Court lack merit. As such, we affirm the lower court's denial of the appellant's petition for post-conviction relief.

**I.**

On December 16, 1992, the Circuit Court of Clarke County convened to select a jury in cause number 7169, in which the appellant, Albert Lewis Watts (Watts) stood charged with the robbery of

a convenience store. In addition, Watts was charged with burglary of a storehouse in cause number 7291. After the voir dire of the jury, the trial court was informed that Watts wished to enter guilty pleas on both charges pursuant to a plea bargain agreement with the State. The trial court then held a lengthy discussion with Watts to ensure that he was entering his guilty pleas freely, voluntarily, and intelligently.

During the plea colloquy, the judge meticulously informed Watts of his rights, including the right to a speedy trial. Also, on more than one occasion, the trial court told Watts to ask questions if there was anything that he did not understand. After the judge went over each of Watts' rights, Watts informed the court that he still wished to plead guilty. He also confessed that he committed the offenses as alleged in the indictment. At the conclusion of the discussion, the trial court found that Watts was pleading guilty freely, voluntarily, and intelligently, and therefore sentenced him according to the agreement, which provided that Watts be imprisoned for fifteen years without parole for the robbery and seven years without parole, to be served concurrently, for the burglary.

On September 06, 1995, Watts filed a motion to vacate his conviction and sentence. In the motion, Watts requested that the lower court of Clarke County provide him an evidentiary hearing on certain issues, among which were: (1) the alleged denial of effective assistance of counsel due to counsel's failure to have the robbery indictment dismissed as it violated his right to a fast and speedy trial and counsel's advice that Watts plead guilty to a crime that he did not commit and (2) the denial of his constitutional right to a speedy trial.

On October 16, 1995, the circuit court denied the motion, finding that Watts swore under oath that he waived all claims to a speedy trial; that he was satisfied with the services and performances of his attorney; and that he had, in fact, committed the crimes of robbery and burglary of a storehouse.

On May 13, 1996, Watts filed what appeared to be untimely notice of appeal. However in a letter dated April 23, 1996, the circuit judge of Clarke County explained that his order denying Watts' petition, dated October 16, 1995, had not been properly filed and mailed to Watts due to no fault of Watts. Thus, the circuit judge asked that Watts' notice of appeal be granted, as it was. Then on September 03, 1996, this Court received from Watts a "Motion to Stop Proceedings on Appeal and Allow the Appellant to File an Amendment to His Post Conviction Motion in the Circuit Court of Clark (sic) County, Miss." In this motion, Watts requested that we allow him to amend his petition for post-conviction relief, stating that due to "inadequate assistance" of "law library writ-writers" he failed to urge several claims. We denied the motion. Watts now appeals the lower court's decision.

## II.

Watts presently alleges that he received ineffective assistance of counsel. He points to several allegedly deficient actions by his attorney in support of this assignment of error, including (1) the failure to file a motion to dismiss the charges against him for lack of a fast and speedy trial; (2) the failure to have the indictment dismissed as the State failed to bring him to trial within the two-year statute of limitations under Miss. Code Ann. § 99-1-7; (3) the failure to have the indictment dismissed as the State failed to prove that he was a habitual offender and because the indictment was defective; and (4) the failure to file a discovery motion and conduct a pretrial investigation of his case.

In Watts' original petition for post-conviction relief, Watts argued ineffective assistance of counsel as well, but only raised the following issues: (1) the failure to have the robbery indictment dismissed as it violated his right to a fast and speedy trial and (2) that counsel advised him to plead guilty to a crime that he did not commit.

In *Gardner v. State*, 531 So. 2d 805 (Miss. 1988), we rejected an appellant's attempt to plow new ground on appeal of a post-conviction motion, stating that the issue "was not raised in [the original] motion for post-conviction relief and may not be raised now." *Id.* at 809; *Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996). Based upon our holdings in these cases, Watts' newly asserted grounds of ineffective assistance of counsel are procedurally barred as they were not raised in his original petition for post-conviction relief. These barred claims include the failure to have the indictment dismissed because the habitual offender charge was improper and not proven and the failure of counsel to file a discovery motion and conduct a pretrial investigation.

Watts does, however, raise two grounds of ineffective assistance which are properly before this Court. He claims that his attorney was ineffective for failing to have the indictment dismissed as it violated his right to a speedy trial. In particular, Watts argues that he was arrested and charged with robbery in March 1990, but was not indicted until October 1990, a total of seven months from the date of arrest. In addition, he complains that he did not plead guilty to robbery until December 1992, approximately 990 days from the date of arrest. Thus, Watts asserts that his constitutional right to a speedy trial was violated and that his attorney was ineffective for not having the charges dismissed in light of this violation.

This Court is struck by the fact that Watts concedes that a defendant who pleads guilty forfeits the right to a speedy trial, and inferentially the right to complain of a speedy trial violation. Nevertheless, Watts argues that since he had only an eighth grade education at the time of the hearing, his plea, and forfeiture of the speedy trial claim, was not given knowingly, intelligently, and voluntarily. Thus, he contends that he should be exempt from the well-settled principle that a guilty plea forfeits all non-jurisdictional defects and rights incident to trial. *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991).

We find Watts' plea for leniency unpersuasive. First of all, the record shows that the trial court judge told Watts specifically that he had the right to a speedy trial and that pleading guilty would waive this particular right or defect of that right. Secondly, the law is firmly established that a guilty plea given knowingly, voluntarily, and intelligently operates as a waiver of all non-jurisdictional rights or defects incident to trial. *Id.* at 391.

With this in mind, a review of the plea hearing shows that Watts entered his pleas freely, intelligently, and knowingly. The trial court carefully explained each of Watts' rights to him and how each of those rights would be affected if he pled guilty to the charges against him. In addition, the trial court constantly asked Watts if he understood what was going on and whether the decision to plead guilty was his own. Watts' guilty pleas were valid as the trial judge explained to Watts the elements of the charge against him, including the effect of the guilty pleas and the possible sentences. *Taylor*, 682 So. 2d at 362.

Moreover, we find that Watts' claim that his eighth grade education affected his ability to comprehend the proceeding is contradicted by the record. In particular near the end of the colloquy,

the judge asked Watts if he had any requests or questions. In response, Watts stated, "Little time cut." Watts' request for leniency demonstrates that he was very much aware of the fact that he was pleading guilty to robbery and burglary, as well as the consequences of those guilty pleas. Because the pleas were valid, they operated as waivers of all non-jurisdictional rights and defects, including the right to a speedy trial. *Anderson*, 577 So. 2d at 391 (holding that a valid guilty plea waives the right to complain of a speedy trial violation in addition to other rights and defects).

Watts claims further that his counsel was ineffective for advising him to plead guilty to a crime (robbery) that he did not commit. The record belies this assertion as it shows, on one hand, that Watts told the trial court that he was satisfied with the assistance given to him by his counsel and that the decision to plead guilty to the crimes was his own, and on the other hand, Watts' confession that he did, indeed, commit the crimes.

To succeed on an ineffective assistance of counsel claim, Watts must show that counsel's overall performance was deficient and that this deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668 (1984); *Taylor*, 682 So. 2d at 363. Watts' unsubstantiated assertion that counsel coerced him into pleading guilty to a crime he did not commit is contradicted by the record and did not warrant a hearing.

## III.

Watts also asserts that his guilty pleas were not given knowingly, voluntarily, and intelligently given because he did not understand the guilty plea hearing, was threatened with a life sentence when he really only faced a maximum sentence of fifteen years imprisonment without the possibility of parole, and similarly, because he pled guilty and received nothing in return since he was sentenced to the maximum length of imprisonment allowed.

We decline to review these alleged errors as Watts did not allege in his original petition that his guilty pleas were involuntary for the reasons now asserted. *Gardner v. State*, 531 So. 2d 805; *Taylor v. State*, 682 So. 2d 359. Furthermore, the evidence contradicts these assertions.

## IV.

Watts' final claim is that he was denied his Sixth Amendment right to counsel under the United States Constitution because he made his initial appearance in court on March 21, 1990 but was not appointed counsel until December 14, 1992.

Again, Watts did not allege this point of error in his petition for post-conviction relief. As such, this issue is barred from our consideration. *Gardner v. State,* 531 So. 2d 805; *Taylor v. State*, 682 So. 2d 359. Nevertheless, the State's response to this procedurally barred claim is well-taken. Watts was gainfully employed until October 20, 1992 and initially informed the trial court that he could and wished to retain his own attorney. It was not until December 14, 1992 that counsel was appointed following a finding of indigency.

## V.

We have carefully considered the claims brought by Watts, along with the evidence. We find that most of the claims are procedurally barred, and those claims that are properly before this Court lack

merit and did not warrant an evidentiary hearing. Thus, the trial court correctly denied Watts' petition for post-conviction relief. As such, we affirm.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**