# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00913-SCT

*WILLIE GAINES a/k/a WILLIE B. GAINES a/k/a*
*WILLIE B. GAINES, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/03/96 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY GORE |
| DISTRICT ATTORNEY: | JOHN KITCHENS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On April 3, 1996, the Circuit Court of Rankin County summarily dismissed Willie Gaines' motion to vacate his guilty plea, sentence and conviction. Aggrieved, Gaines appeals to this Court, assigning as error the following issues:

**I. WHETHER GAINES' GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.**

**II. WHETHER GAINES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

## FACTS

Willie Gaines, on June 15, 1993, entered pleas of guilty to dwelling house burglary, recidivism and to house burglary as a nonrecidivist. Gaines was convicted and sentenced to serve a term of ten (10) years without parole on the dwelling house burglary and recidivism charges. Gaines was also sentenced to serve a consecutive nonmandatory ten (10) year sentence on the house burglary as a nonrecidivist charge.

On January 22, 1996, Gaines filed a Motion for Post-Conviction Collateral Relief to Vacate and Set Aside Conviction and Sentence. On April 3, 1996, the circuit court summarily denied Gaines' motion.

## DISCUSSION

### I. WHETHER GAINES' GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

Gaines' first contention is that the trial court erred when it sentenced him as a habitual offender because the portion of the indictment charging him as such came after the phrase "against the peace and dignity of the state." Gaines' argument is based solely upon this Court's decision in *McNeal v. State*, 658 So.2d 1345 (Miss.1995). In *McNeal*, this Court reversed McNeal's conviction of recidivism and vacated his status as a habitual offender because the portion of the indictment charging McNeal with recidivism did not "conclude" with the words "against the peace and dignity of the State of Mississippi." This Court specifically noted that McNeal "was not prejudiced in this instance." Nevertheless, this Court held that the habitual offender portion of the indictment was fatally defective because the language charging him with recidivism came after the words "against the peace and dignity of the State [of Mississippi.]"

A *McNeal* defect, however, is curable by amendment and subject to waiver. *Brandau v. State*, 662 So.2d 1051, 1055 (Miss. 1995). A valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. *Brooks v. State*, 573 So.2d 1350, 1352 (Miss.1990). Gaines validly plead guilty to both burglary and recidivism in the wake of a plea bargain that dismissed twelve (12) additional counts of burglary. Hence, Gaines waived any objection that he may have once possessed based upon *McNeal* when he entered his guilty plea. The argument is devoid of merit on this issue.

Gaines' second contention is that the trial court failed to adequately apprise him of consequences and nature of his penalty under the habitual offender statute. A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence. *Taylor v. State*, 682 So.2d 359 (Miss.1996). Further, a complete record should be made of the plea proceeding to ensure that the defendant's plea was entered voluntarily. *Id*.

The record of the guilty plea proceeding is replete with explanations by the trial judge of the charges and the consequences of those charges to Gaines. Gaines' sworn guilty plea petition contains sworn statements of the petitioner, that: he was 31 years of age; had a twelfth grade education; was able to read and write; was not under the influence of "any drugs or intoxicants"; that he waived the several

constitutional rights enumerated therein; that he understood the elements of the offense; *that he realized that the possible sentence could be up to 10 years imprisonment on each count* with no statutory minimum sentence; that his plea was freely, voluntarily and intelligently made and that he was satisfied with the advice and services of his legal counsel. All of this was done prior to accepting any guilty pleas from Gaines. Gaines' argument is without merit on this issue.

## II. WHETHER GAINES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

The standard of review for ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard was adopted by this Court in *Gilliard v. State*, 462 So.2d 710, 714 (Miss.1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. *Taylor v. State*, 682 So.2d at 363, citing *Cole v. State*, 666 So.2d 767, 775 (Miss.1995).

The burden is on the defendant to prove both prongs. *Id*. The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by the "totality of the circumstances." *Id;* citing *Cole,* 666 So.2d at 775; *Frierson v. State*, 606 So.2d 604 (Miss.1992). This Court in *Cole* stated that the level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of *Strickland* is to look at the "over-all" performance. *Taylor,* 682 So.2d at 363; citing *Cole,* 666 So.2d at 775. There is a strong presumption that the actions by the defense counsel were reasonable and strategic. *Taylor,* supra.

According to the second prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Gaines contends that his trial counsel was ineffective due to counsel's failure to raise the error on the face of the indictment. The result in this case would not have been any different had trial counsel objected to the *McNeal* defect. This defect was curable by amendment. Thus, the prosecution could have simply moved to amend so as to conclude the indictment with the words "against the peace and dignity of the State of Mississippi."

There is no merit among Gaines' assignments of error. Accordingly, we affirm the circuit court's denial the motion to vacate and set aside conviction and sentence.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**