# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-01264-SCT

*LARRY KIRKSEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/08/97 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | RICHARD L. DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Kirksey claims that his guilty plea was not voluntarily entered, that the sentence imposed was excessive, and that his attorney rendered ineffective assistance of counsel. We conclude otherwise and affirm the judgment of the circuit court.

## I.

¶2. Larry Kirksey ("Kirksey") was indicted on a charge of selling or transferring cocaine on June 10, 1996. Kirksey retained A. Randy Harris to represent him in this matter. On October 16, 1996, the date set for trial, Kirksey petitioned the court to enter a plea of guilty. Later that same day, Kirksey appeared in open court and stated his desire to plead guilty to a charge of selling cocaine.

¶3. The trial court ascertained that Kirksey had only completed the ninth grade and was unable to read or write. The trial court proceeded to question Kirksey at length as to his understanding of the charges against him. Kirksey stated that he understood the trial court's explanations and that he was entering a plea of guilty

freely and voluntarily and in the absence of any coercion or threats. During the proceedings Kirksey stated on a number of occasions that he did not want to go to trial.

¶4. During the hearing Kirksey was informed that the State claimed that on April 10, 1996, undercover officer James Kitchens ("Kitchens"), who was wearing a wire, accompanied a confidential informant to Kirksey's house looking to purchase cocaine. Kirksey is then alleged to have taken the two men to another apartment, where Kirksey obtained the cocaine and gave it to Kitchens in exchange for Fifty Dollars. Kirksey, for the most part, agreed with the State's version of events and stated that he did not want to try any of the controverted facts. Kirksey also stated, at the hearing, that he was satisfied that if the case went to trial the State could prove him guilty beyond a reasonable doubt.

¶5. After questioning Kirksey the trial court accepted his plea of guilty and later sentenced Kirksey to serve a term of twenty years, with eight years suspended, in the custody of the Mississippi State Department of Corrections. Kirksey was also ordered to pay a fine of $5,000.00.

¶6. On February 18, 1997, Kirksey filed a petition for post conviction relief claiming that his attorney, Mr. Harris, coerced him into entering a guilty plea, rendering his plea involuntary and amounting to ineffective assistance of counsel. Kirksey alleged that he made several unsuccessful attempts to contact Mr. Harris prior to the October 16, 1996 trial date to discuss possible defenses. He further claims that on the date set for trial he was prepared to go to trial, but Mr. Harris advised him to plead guilty. He states that Mr. Harris informed him that if he chose to go to trial he would be convicted and sentenced to 30 years in prison. Kirksey also claims that Mr. Harris indicated that he was not prepared to go to trial and advised Kirksey to plead guilty in an effort to cover up the fact that he was unprepared. Kirksey claims alternatively that he is entitled to post conviction relief because the sentence imposed was excessive in light of the minimal part he played in the commission of the crime and his lack of prior drug involvement.

¶7. The circuit court denied the petition for post conviction relief on the grounds that the record reflected all the necessary elements to find that Kirksey's plea was given voluntarily and intelligently. As to the ineffective assistance of counsel claim, the circuit court found that Kirksey failed to show that Mr. Harris performed deficiently or that Kirksey was harmed by any deficient performance. The circuit court further found that the sentence imposed was within the statutory maximum of thirty years and was proportional to sentences imposed on other defendants for the same crime. The circuit court also found that the affidavits filed with the petition for post conviction relief were a sham, giving the petitioner no hope of success, and as such the costs of the petition should be assessed against Kirksey.

## II.

### A.

¶8. Although Kirksey does not formally raise the issue of the voluntariness of his guilty plea, he does claim that he was coerced into entering a guilty plea, which is tantamount to claiming that his plea was entered involuntarily. In reviewing a trial court's decision to deny a petition for post conviction relief this Court will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990).

¶9. There is sufficient evidence in the record by which to determine that Kirksey understood the consequences of entering a plea of guilty, including the range of the possible sentence to be imposed and the

constitutional rights he was giving up. The statements made in the affidavits to the Petition are in direct contradiction to Kirksey's sworn testimony at the plea hearing. In *Taylor v. State*, 682 So. 2d 359, 364 (Miss. 1996) this Court held:

> There should be a strong presumption of validity of anyone's statement under oath. However, we are now faced with one statement or the other not being the truth ... "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." If ever there was a sham, it is clearly within these allegations through which Mowdy and Scrivner attempt to get this Court to order an evidentiary hearing to set aside validly imposed sentences based upon what they both now claim were involuntary pleas.

*Id.* (quoting *Mowdy v. State*, 638 So. 2d 738, 743 (Miss. 1994)). It is clear from Kirksey's testimony that the affidavits to the petition are merely a sham. Kirksey had every opportunity to inform the trial court that his attorney had advised him to plead guilty and that he had been informed that if he went to trial he would get a mandatory sentence of thirty years. Kirksey does not claim that his attorney advised him to lie to the trial court regarding the voluntariness of his guilty plea or as to the facts surrounding the drug sell. *Sanders v. State*, 440 So. 2d 278, 283 (Miss. 1983). Therefore, we find that the record supports the trial court's finding that Kirksey's decision to enter a plea of guilty was not the result of coercion. This assignment of error is without merit.

### B.

¶10. Kirksey claims that he was provided with ineffective assistance of counsel because his attorney persuaded him to plead guilty to the charges while the attorney's collateral intention was to cover up the fact that the attorney was unprepared for trial, and because the attorney failed to check into Kirksey's alibi defense. In order for Kirksey to prevail on his ineffective assistance of counsel claim he has the burden of satisfying the two prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this Court in *Stringer v. State*, 454 So. 2d 468, 476 (Miss. 1984). Kirksey must prove that

> 1. Mr. Harris' performance was objectively deficient; and

> 2. But for any deficient performance, there is a reasonable probability that the result of the trial would have been different.

*Ellis v. State*, 708 So. 2d 884, 887 (Miss. 1998). The defense counsel is presumed to have acted competently and the effectiveness of his or her efforts are determined on the basis of the totality of the circumstances. *Foster v. State,* 716 So. 2d 538, 541 (Miss. 1998).

¶11. In considering the petition for post conviction relief, the trial court found persuasive the statements contained in the petition to enter plea of guilty, which Kirksey admits were read to him and were true and correct. The sworn petition stated that "I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH ADVICE AND HELP HE HAS GIVEN ME." Under the circumstances of this case such a statement in the petition does little to defeat the claim of ineffective assistance of counsel. Here Kirksey was unable to read and the statements contained in the petition were read to Kirksey by Mr. Harris, with no other witnesses present.

¶12. Nevertheless, the trial court's reliance on the statements in the petition to enter a plea of guilty was harmless error, where Kirksey failed to prove that Mr. Harris' representation of him amounted to ineffective

assistance of counsel. The only evidence Kirksey offered to prove deficiencies in Mr. Harris' performance, are the affidavits of Kirksey and his wife. However, as stated previously both of these affidavits directly contradict Kirksey's sworn testimony during the plea hearing. At separate times during the plea hearing Kirksey testified that it was his idea to plead guilty instead of going to trial, that it was his decision to plead guilty and that the decision was not the result of coercion or undue influence. Kirksey does not claim that Mr. Harris persuaded him to lie. Several times during the plea hearing the trial court asked Kirksey if he would rather go to a trial, to which Kirksey replied in the negative. Without more Kirksey's sworn statements made during the plea hearing must be presumed to be valid, and as such those assertions contained in his affidavit are merely a sham. *Taylor*, 682 So. 2d at 364 (quoting *Mowdy*, 638 So. 2d at 743).

¶13. Kirksey failed to show that Mr. Harris had an actual conflict of interest, in that he was unprepared for trial. The only evidence of Mr. Harris' lack of preparation was Kirksey's statement in the affidavit to the petition for post conviction relief. However, the record does not agree. Mr. Harris had full discovery from the State and was familiar with the facts of the case. Therefore, Kirksey failed to show proof that Mr. Harris' performance was deficient. **C.**

¶14. Kirksey next claims that his sentence was excessive. The imposition of a sentence upon a criminal conviction is within the trial court's discretion and will not be disturbed absent a finding of abuse. *Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993). A sentence is not excessive if it is within statutory limits and is not disproportionate when compared to sentences imposed on other criminals for the same crime. *Id.* at 598. Here, Kirksey was charged with violating Miss. Code Ann. § 41-29-139, which provides for a maximum sentence of thirty years and a maximum fine of one million dollars. Kirksey was sentenced to twenty years with eight suspended and a fine of $5,000.00. The sentence imposed was within the statutory limits and was not disproportionate when compared with sentences imposed on others committing the same crime. *See Sanders v. State*, 678 So. 2d 663 (Miss. 1996) (30 year sentence and $30,000.00 fine not excessive for possession with intent to distribute); *Lane v. State*, 562 So. 2d 1235 (Miss. 1990) (20 year sentence not excessive for violation of § 41-29-139). Therefore, this assignment of error is without merit.

### III.

¶15. For the foregoing reasons the trial court's judgment is affirmed.

¶16. **ORDER DISMISSING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITH POST-CONVICTION RELIEF APPEAL OUT-OF-TIME AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**