850 So.2d 152 (2003)
Wendell DUNCAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01511-COA.
Court of Appeals of Mississippi.
May 6, 2003.
Rehearing Denied July 15, 2003.
*153 Wendell Duncan (Pro Se), attorney for appellant.
Office of the Attorney General by: Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
BRIDGES, J., for the court.
¶ 1. This is a collateral appeal under the Post-Conviction Relief Act from the Washington County Circuit Court where Wendell Duncan was indicted on two charges, shooting into an occupied dwelling (cause no. 18,245) and aggravated assault (cause no. 18,246). According to the partial transcript, at the plea hearing Duncan pled as a habitual offender under Miss.Code Ann. § 99-19-83. The trial court held that the State did not satisfy the provisions of the habitual statute and thus Duncan was sentenced to a thirty year term on the conviction of armed robbery to run consecutively to a previously imposed sentence of twelve years on a burglary conviction.
¶ 2. Duncan's first motion for post-conviction relief was earlier addressed and his second motion, termed a "Writ of Habeas Corpus", seeking relief from his sentence was denied by the circuit court as a successive petition under the Post-Conviction Relief Act. Duncan now appeals to this Court.
¶ 3. This motion is prohibited by Miss. Code Ann. § 99-39-27(9) (Supp.2002) which provides, "the dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." The record reflects that Duncan brought his initial motion for post-conviction relief about January 17, 1996, which was later denied by the circuit court. This constitutes his second motion which is procedurally barred under Miss.Code Ann. § 99-39-27(9) (Supp 2002).
¶ 4. Duncan's motion is also time barred as it does not fall within the allotted three year time limitation. Miss.Code Ann. § 99-39-5(2) states in part: "a motion for relief under this chapter shall be made within three years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Supp.2002). Thus, Duncan's motion is time barred as well.
¶ 5. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J. AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., *154 CONCUR. IRVING, J., CONCURS IN RESULT ONLY. KING, P.J., NOT PARTICIPATING.