BRIDGES, P.J.,
for the Court.
¶ 1. Steven R. Farris pled guilty to the capital murder of Casey R. Harmon, a police officer who was killed in the line of duty as a deputy sheriff of Lee County. Farris’s second petition for post-conviction relief was denied as untimely filed and found not to be within any of the exceptions to the time bar of the post-conviction collateral relief statute. See Miss.Code Ann. § 99-39-5(2) (Supp.2003). From that denial, Harmon has filed this appeal.
¶2. On appeal Farris argues that the court erred in dismissing his motion for post-conviction relief as untimely, that his guilty plea was not knowingly, voluntarily, or intelligently made, that his guilty plea was the result of coercion, that he lacked knowledge and understanding of the trial process, and that his attorney provided ineffective assistance of counsel.
¶ 3. We find that the court correctly denied post-conviction relief and affirm that decision.
FACTS
¶ 4. On August 7, 1998, Farris entered a plea of guilty to capital murder and was sentenced to life without parole. Farris also pled guilty to robbery and burglary of a dwelling and 'was given additional sentences for these crimes.
¶ 5. On December 1, 1999, Farris filed a motion to withdraw the plea of guilty, arguing that he should be given an evidentia-ry hearing and that his plea was in violation of the state and federal constitutions. The motion was dismissed by the court, which found that Farris failed to meet the pleading requirements of Mississippi Code Annotated § 99-39-9 by failing to include a concise statement of the grounds upon which the claim was based and failing to pay costs.
¶ 6. On June 28, 2002, Farris filed the present motion for post-conviction relief. The court found that the motion was untimely and should be dismissed.
DISCUSSION
¶ 7. The court correctly found that the motion is time barred as it does not fall within the statutory three year time limitation. Mississippi Code Annotated § 99-39-5(2) states, in part: “[a] motion for relief under this-article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or [ ... ] in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” See Duncan v. State, 850 So.2d 152 (¶ 4)(Miss.Ct.App.2003). Although the statute lists several exceptions to this three year statute of limitations, Farris does not come within any of these exceptions. His argument that his previous filing of a motion for post-conviction relief tolled the time requirements is not supported by the statute or case law.
¶ 8. Although we find that there was an absolute time bar, we also look to the other issues raised by Farris.
*394 ¶ 9. Farris argues that his guilty plea should be set aside because of his fear of the death penalty. His contention is that this fear led him to plead guilty. Based on Farris’s declarations in open coúrt, the court found that the guilty plea was voluntarily and intelligently made. In Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), cited by the State, the United States Supreme Court adopted the following standard for determining whether a guilty plea is voluntary:
A plea of guilty entered by one fully ¿ware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor’s business (e.g. bribes).
¶ 10. The record and Farris’s arguments do not show that any. of these defects were present in this case. Farris does not present a claim that shows a denial of any state or federal right. A valid, fact-based fear of the death penalty is a legitimate consideration in deciding whether or not to seek or accept a plea bargain. Farris does not claim that he is innocent or that the death penalty was not properly sought in this case. Merely being aware of the direct consequence of his crime does not entitle Farris to relief absent improper conduct on the part of the State or his attorney.
¶ 11. Farris next claims that his plea was not valid because he did not understand the trial process.' Farris does not supply us with any specific facts or any legal argument to support this claim. This issue was also raised in Taylor v. State, 682 So.2d 359, 361-62 (Miss.1996), cited by Farris, but that court did not use this as a basis for finding that the guilty plea was involuntary or unintelligently entered. Farris also asserts that he was denied effective assistance of counsel. In order to prevail, on this claim, Farris must, under Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), show that counsel’s performance was deficient, and that he was prejudiced by his counsel’s mistakes. There is a strong presumption that the counsel’s performance falls within the range of reasonable professional assistance. Id. To overcome this presumption, “the defendant must show that there is a reasonable possibility that, but for the counsel’s unprofessional errors, the result would have been different. A reasonable probability is sufficient to undermine confidence in the outcome.” Id.
¶ 12. Farris states that his attorney led him to believe that he would be sentenced to death at trial and that he had no possibility of receiving a fair trial. He also claims that his attorney encouraged him to lie and tell the court that the plea had not been induced by promises.
¶ 13. Farris concedes that his testimony at the guilty plea hearing is in direct conflict with his claim of ineffective assistance of counsel. At the hearing, Farris admitted to having committed the crimes. He stated that he was voluntarily entering his plea and that no one threatened him or promised him anything in order to get him to plead guilty. He also stated under oath that his attorneys properly advised him concerning his constitutional rights and the consequences of pleading guilty.
¶ 14. We find that none of the issues raised by Farris would entitle him to relief even if his motion for post-conviction relief had been timely filed. We affirm the judgment of the circuit court.
*395 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.