¶ 1. Terry Fair brings this appeal from his May 13, 2005 conviction of possession of a controlled substance in violation of Mississippi Code section 41-29-115(A)(a)(4) (Rev. 2004) and sentence of sixteen years as a habitual offender under Mississippi Code section 41-29-147 (Rev. 2002) in the Circuit Court of Bolivar County. Prior to trial, Fair's attorney moved to suppress cocaine found in Fair's possession, claiming that the arresting officers performed an illegal search and seizure. After a brief hearing, the circuit court denied Fair's motion and the matter proceeded to trial. The jury returned a verdict of guilty, and Fair now appeals, raising the following two issues:
I. WHETHER FAIR RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?
II. WHETHER THE CUMULATIVE EFFECT OF ERRORS MADE BY THE CIRCUIT COURT WARRANT A REVERSAL OF FAIR'S CONVICTION AND SENTENCE?
 ¶ 2. Finding no reversible error, we affirm the judgment and sentence of the trial court.
 STATEMENT OF THE FACTS ¶ 3. On June 2, 2004, narcotics officers from the Cleveland Police Department received a tip from an anonymous informant of ongoing drug activity at 605 Clark Street, Cleveland, Bolivar County, Mississippi. Investigators Charles Bingham and Joe Smith established surveillance of the residence and shortly after 10:00 p.m. decided to perform a "knock and talk." A "knock and talk" is a commonly used police tactic whereby police, lacking probable *Page 1110 
cause to obtain a search warrant, knock on a door where illegal activity is suspected and talk to the occupants in hopes that the occupants may incriminate themselves. Both in a suppression hearing and at trial, Bingham testified that he knocked on the door of the Clark Street residence and the door was immediately opened by a person sitting in a chair near the door. Bingham testified that as soon as the door was opened, he observed Fair holding a plastic bag filled with a white powdery substance. Fair appeared to be attempting to inhale some of the substance. Bingham, who was familiar with Fair from prior dealings, asked Fair what the bag contained. Fair said "[i]t's nothing but powder," referring to the cocaine being in the powdered form rather than the rock form of crack cocaine. The officers then entered the residence and arrested Fair for possession of a controlled substance.
 ¶ 4. Prior to trial, Fair's appointed counsel filed a motion to suppress the cocaine, alleging that the evidence was the product of an illegal search in violation of the Fourth andFourteenth Amendments to the United States Constitution and Section 23 of the Constitution of the State of Mississippi. At the suppression hearing Fair alleged that the officers did not have a warrant and did not knock, but opened the door on their own. He further testified that he did not live at the residence and was not holding the bag of cocaine. Fair admitted to snorting the cocaine, along with the other occupants, but claimed that the bag was lying on the table at which they were all sitting. The prosecution called Bingham to rebut Fair's testimony, and Bingham testified that he knocked on the door and when the door was opened, he immediately saw Fair holding the bag of cocaine. The circuit judge accepted the officer's testimony and denied Fair's motion to suppress.
 ¶ 5. The matter proceeded to trial, and the prosecutors called Investigators Bingham and Smith to testify to the circumstances surrounding the arrest, as well as Scott Gary Fernandez of the Mississippi Crime Lab, who testified to the substance found in Fair's possession being cocaine. After the prosecution rested, Fair requested to dismiss his appointed counsel and retain his own attorney. The circuit judge denied Fair's request, determining that double jeopardy had already attached. The circuit judge then proceeded to advise Fair of his right to testify. While the judge was advising Fair of his right to testify, Fair repeatedly attempted to interrupt the judge, claiming that he had not been given an opportunity to prepare his defense and that he had witnesses he wanted to call. The circuit judge stated that he would allow Fair to call any witnesses Fair had available. Fair's attorney then informed the court that no witnesses, other than Fair, had been identified, and the prosecutor stated that no subpoenas had been issued. The judge then stated that it was too late to subpoena witnesses, that the jury was there and ready, and ordered the defense to proceed. Fair then testified on his own behalf and was ultimately convicted. As a repeat offender, Fair was sentenced to sixteen years in the custody of the Mississippi Department of Corrections. Fair's sentence was to be served consecutively to any other sentences previously imposed and the sentence was not to be reduced or suspended, nor would he be eligible for parole or probation during the term of the sentence.
 ¶ 6. Through this appeal, Fair asserts that his counsel was constitutionally ineffective because his attorney had not interviewed witnesses nor subpoenaed anyone to testify on his behalf. Fair claims that his witnesses would have testified that the police did not knock, that the cocaine was not his, and that the bag was sitting on the *Page 1111 
table, not in his hand, when the door was opened. Further, Fair states that his counsel erred in not submitting a jury instruction defining the term "possession." Finally, Fair asserts that the alleged errors of counsel, combined with the brevity of the four hour trial as well as the fact that the judge knew one of the jurors, had the cumulative effect of denying Fair his fundamental right to a fair trial and warrants reversal of his conviction and sentence.
 LEGAL ANALYSIS I. WHETHER FAIR RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?
 ¶ 7. Fair asserts that his trial counsel was ineffective because his counsel failed to interview witnesses, failed to have witnesses available to testify on his behalf, failed to properly present Fair's theory of the case, and failed to provide a jury instruction on the element of possession. We review claims of ineffective assistance of counsel under the familiar two-pronged test of Strickland v.Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). Fair must establish by prima facie evidence (1) that his counsel's performance was deficient, and (2) but for the deficiencies, the outcome of the trial would have been different. Ward v. State, 914 So.2d 332, 336 (¶ 12) (Miss.Ct.App. 2005). The burden of proof under both prongs of the Strickland test rests with Fair. Taylor v.State, 682 So.2d 359, 363 (Miss. 1996). Further, "the adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured under the `totality of the circumstances.'"Id. In addition, "there is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id.
 ¶ 8. First, we note that decisions of counsel to call or not to call certain witnesses fall within the ambit of trial strategy and are presumed reasonable. Michael v.State, 918 So.2d 798, 805 (¶ 13) (Miss.Ct.App. 2005). Furthermore, Fair failed to identify any witness who could testify on his behalf, and the failure of Fair's counsel to call witnesses of whom he had no knowledge of their existence, cannot be characterized as error. Second, trial strategy falls within the discretion of counsel, and though we may sometimes disagree with the trial strategy of counsel, the decisions will not ascend to the level of ineffective assistance of counsel unless we find the error to be so serious that Fair's attorney was no longer acting as "counsel" under the Sixth Amendment.Colenburg v. State, 735 So.2d 1099, 1103 (¶ 9) (Miss.Ct.App. 1999). We do not find such an egregious error to have occurred here. Fair testified on his own behalf and had ample opportunity to present his theory of the case. The jury had the opportunity to weigh Fair's testimony against that of Investigators Bingham and Smith and decide whom to believe. We find that the jury performed this duty with all diligence, and that Fair's defense was not prejudiced by his counsel's trial strategy in any significant way.
 ¶ 9. Finally, Fair asserts error in his counsel's failure to provide the jury with an instruction on the legal definition of the term "possession." Counsel's decision not to request a specific jury instruction falls under the category of trial strategy, and is given much deference by this Court.Smiley v. State, 815 So.2d 1140, 1148 (¶¶ 31-32) (Miss. 2002). Fair has failed to show that the failure by his counsel to provide the jury with an instruction defining the term "possession" deprived him of a fair trial, or that the outcome would have been different had such an *Page 1112 
instruction been provided. What is more, "a defendant has clearly failed to satisfy the prejudice test ofStrickland" when it is clear from the record that the defendant is "hopelessly guilty." Jones v. State,911 So.2d 556, 560 (¶ 18) (Miss.Ct.App. 2005) (citing Ward v.State, 461 So.2d 724, 727 (Miss. 1984)). In the case at bar, the jury weighed the testimony of the investigators against that of Fair, including Fair's admission to being present at the location in question and engaged in the snorting of cocaine, and determined that there was overwhelming evidence to convict him of possession of a controlled substance. On the evidence presented at trial, this Court fails to see how the jury could have returned any other verdict than that of guilty. Accordingly, we find none of the claims of ineffective assistance of counsel asserted by Fair to survive ourStrickland analysis, and the issue is without merit.
 II. WHETHER THE CUMULATIVE EFFECT OF ERRORS MADE BY THE CIRCUIT COURT WARRANT A REVERSAL OF FAIR'S CONVICTION AND SENTENCE?
 ¶ 10. Fair's second assignment of error is that the errors of counsel asserted above, combined with the brevity of the four hour trial and the fact that the judge knew one of the jurors, have the cumulative effect of denying Fair his fundamental right to a fair trial and warrant reversal of his conviction and sentence. Fair's argument under this assignment of error is summary and devoid of any specific evidence in the record to support the claim. The only authority to which he cites isGenry v. State, 735 So.2d 186 (Miss. 1999), for the proposition that this Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Fair fails to provide any analytical application of the Genry holding to the facts of the instant case, and asks this Court to summarily reverse his conviction and sentence based solely on his bald assertions. Our supreme court has held that there is no obligation on the part of an appellate court to review assignments of error unsupported by argument or citation to authority. See Jones v. State, 841 So.2d 115, 138
(¶¶ 70-71) (Miss. 2003). We therefore decline to do so now.
 CONCLUSION ¶ 11. Our review of the record in this case demonstrates that Fair received constitutionally effective counsel, and that the errors upon which Fair seeks to show cumulative error are unsupported by the record and his legal argument is undeveloped. The record clearly indicates that substantial evidence existed to support Fair's conviction and we find no error with his conviction or the sentence imposed by the circuit judge. Accordingly, the judgment of the circuit court and sentence imposed are affirmed.
 ¶ 12. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURTOF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE ANDSENTENCE OF SIXTEEN YEARS AS A HABITUAL OFFENDER IN THE CUSTODYOF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TORUN CONSECUTIVELY TO ANY AND ALL OTHER SENTENCES PREVIOUSLYIMPOSED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOBOLIVAR COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. *Page 1113