MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Latoya Dominique Robinson was convicted of aggravated assault. The Circuit Court of Amite County sentenced her to five years’ imprisonment and ten years of post-release supervision in the custody of the Mississippi Department of Corrections. She now appeals claiming ineffective assistance of counsel based upon her attorney’s failure to request a self-defense jury instruction. Finding no obvious deficient performance by Robinson’s trial counsel, we affirm her conviction without prejudice to her right to pursue post-eon-vietion relief.
 

 FACTS
 

 ¶ 2. On the night of December 29, 2007, Robinson and her cousins, Druscilla and Sasha Robinson, were walking to the Gloster community center for a party. A car driven by Kellie Carter stopped on the side of the road near them. Christy Bonds was a passenger in the car, as were Nia Bonds and Nia’s friends, April Coving-ton and Swan Abernum.
 

 ¶ 3. After the car stopped, Nia exited the vehicle, and a fight broke out between
 
 *1085
 
 Druscilla and Nia.
 
 [1]
 
 Robinson tried to join in the fight, and Christy attempted to stop her. Christy testified that she grabbed Robinson’s arm and placed herself between Robinson and Nia. According to Christy and Kellie, Robinson swung across Christy’s left cheek and cut her face. Christy then responded to Robinson’s attack, and Kellie also joined in the fight.
 

 ¶ 4. After the altercation, both Christy and Kellie sought medical treatment. Christy had a gash on her face that required fifty-three stitches to close. Hospital staff believed Christy’s injury resulted from a razor blade or box cutter. Kellie testified she also went to the hospital because of injuries she sustained when Robinson hit her over the head with a bottle.
 

 ¶ 5. Sasha testified for the defense. She claimed Robinson did not have a razor blade or knife that night, but she saw Nia holding a paper towel with an unknown object wrapped in it when Nia got out of the car. Druscilla also testified for the defense. She explained that she did not see a razor in anyone’s hand but saw a paper towel with something rolled up inside of it sitting on top of Kellie’s car.
 

 ¶ 6. Robinson testified in her own defense. She claimed she began fighting with Christy, and Kellie then hit her on the head with a gin bottle. Robinson testified she then grabbed a paper towel from the back of the car to defend herself. The paper towel contained a razor blade, and Robinson used the blade to cut Christy. Robinson explained that at the time she was afraid for her safety.
 

 ¶ 7. Robinson was found guilty of aggravated assault. Her motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict, was denied by the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 8. To prevail on a claim of ineffectiveness of counsel “[a] defendant must demonstrate that [her] counsel’s performance was [1] deficient
 
 and
 
 [2] that the deficiency prejudiced the defense of the case.”
 
 Burnside v. State,
 
 882 So.2d 212, 216(¶ 20) (Miss.2004) (quoting
 
 Burns v. State,
 
 813 So.2d 668, 673(¶ 14) (Miss.2001)). “Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable. The focus of the inquiry must be whether counsel’s assistance was reasonable considering all the circumstances.”
 
 Id.
 
 (internal citations omitted).
 

 DISCUSSION
 

 ¶ 9. Robinson’s sole claim on appeal is that her trial counsel was ineffective because he did not seek a self-defense instruction.
 

 ¶ 10. We have held “[c]ounsel’s decision not to request a specific jury instruction falls under the category of trial strategy, and is given much deference by this Court.”
 
 Fair v. State,
 
 950 So.2d 1108, 1111(¶ 9) (Miss.Ct.App.2007) (citing
 
 Smiley v. State,
 
 815 So.2d 1140, 1148 (¶¶ 31-32) (Miss.2002)). In
 
 Mohr v. State,
 
 584 So.2d 426 (Miss.1991), our supreme court discussed the wide latitude given attorneys and our limited review of their choice of trial strategy. In assessing whether an attorney’s representation meets constitutional standards, the supreme court emphasized:
 

 Judicial scrutiny of counsel’s performance must be highly deferential. It is
 
 *1086
 
 all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a pai'ticular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.
 

 Id.
 
 at 430 (quoting
 
 Lambert v. State,
 
 462 So.2d 308, 316 (Miss.1984) (internal citation omitted)).
 

 ¶ 11. Our review of the record as a whole, without further factual inquiry, reflects no obvious deficient performance by Robinson’s trial counsel. While Robinson may have been entitled to a self-defense instruction upon request, it is improper for this Court, without more, to second-guess defense counsel’s trial strategy. Thus, we decline to do so here. In the absence of obvious defects in counsel’s performance, the parties must “stipulate that the record is adequate” for direct review of an ineffective assistance of counsel claim before we address the merits of the claim on direct appeal.
 
 See Read v. State,
 
 430 So.2d 832, 841 (Miss.1983). Here they did not do so.
 

 ¶ 12. Because the sole issue on appeal involves an allegation of inaction by her trial attorney and would require information outside the record, we find it should not be addressed at this time.
 
 Neal v. State,
 
 15 So.3d 388, 406(¶ 42) (Miss.2009). Seeing no obvious deficient performance by her trial attorney, we affirm Robinson’s conviction without prejudice to her right to pursue post-conviction relief.
 

 ¶ 13. THE JUDGMENT OF THE AM-ITE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS TO SERVE AND TEN YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . There was testimony that there previously had been an argument between the two groups.